UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| INTERNATIONAL SERVICES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. |
| v. | ) | Judge: |
| | ) | |
| CHRISTOPHER J. GIVEN, | ) | COMPLAINT |
| | ) | |
| Defendant. | ) | Jury Trial Demanded |
| _____ | ) | |

## COMPLAINT AT LAW

NOW COMES Plaintiff, INTERNATIONAL SERVICES, INC ("ISI"), by and through their General Counsel, Maelene J. Torres, and for their Complaint at Law against Defendant, CHRISTOPHER J. GIVEN, states as follows:

### NATURE OF THE ACTION

1. This action relates to Defendant, CHRISTOPHER J. GIVEN (hereafter "Defendant"), a former employee and current employee of a competitor to Plaintiff, in which Defendant repeatedly solicited, enticed, and attempted to recruit multiple ISI employees to quit their jobs and join his employer and ISI competitor, NEXT GENERATION BUSINESS & TAX, LLC.

2. Throughout the duration of his employment with ISI, Defendant repeatedly attempted to solicit third-party services to ISI clients and potential leads without ISI's permission or consent.

3. The Defendant also attempted to offer ISI clients services from other providers and would obtain a referral compensation for while employed with ISI, which directly conflicted with ISI's noncompete and employment policies.

1

## PARTIES

4.  Plaintiff, INTERNATIONAL SERVICES, INC. (hereafter "ISI"), is a business with its principal place of business located in Arlington Heights, Illinois.

5.  Upon information and belief, Defendant, CHRISTOPHER J. GIVEN (hereafter "Defendant"), is a resident of San Diego, California, former ISI employee, and current employee of NEXT GENERATION BUSINESS & TAX, LLC.

## JURISDICTION AND VENUE

6.  At all times relevant, ISI's employee CHRISTOPHER J. GIVEN resided in Arlington Heights, Illinois.

7.  At all times relevant, all ISI client leads provided to Defendant were either scouted, cultivated, obtained, assigned and/or monitored by one or more ISI directors, managers, and/or supervisors physically located at the headquarters located in Arlington Heights, Illinois.

8.  Jurisdiction over Plaintiff's claims are proper under 28 U.S.C § 1332 because Plaintiff is a business registered in and conducts the primary amount of work in Illinois and Defendant is a resident of California.

9.  Jurisdiction over Plaintiff's claims are also proper under 28 U.S.C § 1332 because the amount in controversy exceeds $75,000.00.

10. Venue is proper under 28 U.S.C. § 1391(b)(1) as a substantial part of the events giving rise to the Plaintiff's claim occurred in this judicial district.

## GENERAL ALLEGATIONS

11. ISI is a full-service business development group and general management consulting firm that serves small and medium-sized privately held companies throughout the United States. It is the largest management consulting company in this market and has served numerous businesses,

resulting in annual revenues in excess of Two Hundred Million Dollars ($200,000.00). ISI employs hundreds of employees to provide services nationwide.

12. Consulting projects average several hundred thousand dollars in cost depending on the complexity of the project, length of time required on the project, and cooperation of the client among other factors.

13. NEXT GENERATION BUSINESS & TAX, LLC ("NEXT GENERATION") is a direct competitor of ISI that provides the same or remarkably similar consulting services to the same target market. Prior to becoming NEXT GENERATION, it was previously known as PROFIT MANAGEMENT SOLUTIONS, LLC ("PMS") that former ISI employees created.

14. Upon information and belief, while functioning as PMS, PMS would entice, encourage, and solicit current and former ISI employees and ISI clients to terminate their contractual relationships with ISI and contract with PMS for employment or consulting services.

15. At all times relevant and upon information and belief, PMS would also knowingly and intentionally encourage, coach, and direct scouted ISI employees to poach, entice, and/or solicit other ISI employees to leave ISI and join PMS as an employee in direct violation of the confidentiality, non-compete, and non-solicitation provisions of their employment contracts.

16. At all times relevant, Defendant was an employee of ISI since 2009. During the term of his employment, Defendant was given proprietary and confidential documents, training materials, business strategies, and trade secrets ISI specifically created and designed for client marketing and sales strategy.

17. During his employment, Defendant also familiarized himself with ISI trade secrets, sales strategies, document templates, confidential business information, client lists, and specific training

procedures that were developed, cultivated, and maintained by ISI over the forty (40) years it has been in business.

18. Throughout his employment, Defendant quickly became a top performing employee and became well-rehearsed with ISI's business plans, strategies, and client contract agreements.

19. Upon information and belief, in 2023, NEXT GENERATION filed its Articles of Incorporation and began soliciting the same or remarkably similar consulting services as ISI and began targeting the same client market.

20. Unknown to ISI and prior to July 1, 2024, Defendant developed a business relationship with NEXT GENERATION BUSINESS & TAX, LLC and worked for both NEXT GENERATION BUSINESS & TAX, LLC and ISI at the same time.

21. At all times relevant, NEXT GENERATION BUSINESS & TAX, LLC was and is a direct competitor with ISI and provides the same or remarkably similar services to the same target market.

22. Upon information and belief, Defendant would work for NEXT GENERATION BUSINESS & TAX, LLC when he was clocked in and working for ISI.

23. Upon information and belief, while Defendant was working on an ISI project, he would engage with ISI clients and propose, encourage, and/or entice clients to contract with third-party providers in order to receive referral commissions.

24. At all times relevant prior thereto, ISI was unaware that Defendant was soliciting third-party services to ISI clients while running a consulting project for ISI.

25. Upon discovering that Defendant had made multiple attempts to solicit third-party providers to ISI clients without ISI's approval, ISI admonished Defendant for soliciting ISI clients and demanded he discontinue all efforts to solicit ISI clients.

26. At all times relevant, ISI never approved Defendant to solicit third-party services to ISI clients, and never knew or approved Defendant's employment with NEXT GENERATION BUSINESS & TAX, LLC.

27. On July 1, 2024, ISI was under the impression that Defendant was running a lead for ISI and was within his scope of employment.

28. Later the same afternoon, Defendant accidentally sent his ISI supervisor a screenshot of a client contract for NEXT GENERATION BUSINESS & TAX, LLC.

29. At all times relevant, the client would be the same target client ISI sought out to provide services for.

30. At that time, ISI discovered that Defendant was conducting work for NEXT GENERATION BUSINESS & TAX, LLC and running leads for them while working for ISI.

31. Sometime after Defendant and ISI's employment relationship ended, Defendant began to solicit ISI employees to join NEXT GENERATION BUSINESS & TAX, LLC in exchange for significant compensation.

32. On or about late September 2024, ISI discovered that Defendant had attempted to solicit at least three (3) employees and entice them to join him at NEXT GENERATION BUSINESS & TAX, LLC.

## COUNT I
### Intentional Tortious Interference of a Contract

33. Plaintiff realleges and incorporates paragraphs 1 through 32 as Paragraph 33 of Count I in Plaintiff's Complaint at Law.

34. At all times relevant, ISI had contractual agreements with clients to whom the Defendant was assigned in order to provide consulting services.

35. At all times relevant, Defendant solicited ISI clients while he was within the scope of his employment and while he was running consulting jobs for ISI.

36. At all times relevant, Defendant solicited ISI clients to contract with third-party providers for services that ISI never authorized or was aware of, in exchange for a referral fee.

37. At all times relevant, Defendant knew or had reason to know that soliciting or attempting to solicit ISI clients to contract with third-party vendors while within the scope of his employment and unknown to ISI would compromise, negatively affect, and/or interfere with the contractual relationship ISI had with its clients.

38. At all times relevant, Defendant was told on one or more occasions that he was not allowed to solicit ISI clients for services provided by third-party providers while working with ISI clients or promise clients work that ISI did not perform.

39. Despite being warned and having reason to know Defendant was bound by his employment agreement and had a duty of loyalty as an employee to ISI, including the confidentiality, non-compete, and non-solicitation, Defendant intentionally and unjustifiably continued to solicit ISI clients or promise to perform work ISI did not provide.

40. At all times relevant, Defendant acted in a manner that was not within or was contrary to the scope of his employment or authorized by ISI.

41. At all times relevant, Defendant's actions were not justified nor authorized by ISI.

42. As a result of Defendant's conduct, Defendant intentionally interfered with the relationship ISI cultivated with its clients to provide consulting services.

43. As the direct, proximate, and intended results of Defendant's actions, ISI was damaged in its good name and reputation, has lost client and potential clients, has lost business opportunities

with current and potential future clients, and continues to suffer increasing monetary damages daily.

WHEREFORE, Plaintiff, ISI, respectfully prays this Honorable Court grant Judgment against the Defendant, CHRISTOPHER J. GIVEN, awarding the following relief:

      a.     Temporary and permanent injunctive relief to stop Defendant's misconduct;

      b.     Award damages in excess of $100,000.00 against Defendant; and

      c.     For other and further relief as this Honorable Court deems just and equitable.

## COUNT II
### Intentional Tortious Interference of a Business Relationship

44. Plaintiff realleges and incorporates paragraphs 1 through 32 as Paragraph 44 of Count II in Plaintiff's Complaint at Law.

45. At all times relevant, ISI had a target client market it invests a significant amount of money in soliciting and marketing to ultimately contract with for consulting services for.

46. Upon information and belief and at all times relevant, Defendant solicited target clients he knew or should have known that ISI was cultivating or investing time in gaining as a client.

47. Upon information and belief, while within the scope of his employment, Defendant intentionally enticed, encouraged, and/or motivated potential clients to contract with third-party vendors for services instead of ISI in order to obtain a retainer fee.

48. Upon information and belief, Defendant discouraged targeted clients from contracting with ISI by soliciting third-party services that he knew ISI could not provide while visiting potential clients to pitch and sell an ISI consulting project to.

49. At all times relevant, Defendant solicited these targeted clients that ISI never authorized him to do nor was aware of, in exchange for a referral fee and to ISI's detriment.

50. At all times relevant, ISI told Defendant on one or more occasions that he was not allowed to solicit third-party services while pitching a consulting project to a potential client or solicit work that ISI did not perform.

51. At all times relevant, Defendant knew or had reason to know that soliciting or attempting to solicit potential clients that ISI had invested time and money towards gaining their business would compromise, negatively affect, and/or interfere with solidifying a business and/or contractual relationship.

52. Despite being warned and having reason to know his acts would interfere with a developing business relationship, Defendant intentionally and unjustifiably continued to solicit potential clients and/or promised to perform work for them that ISI did not provide.

53. At all times relevant, Defendant acted in a manner that was not within or was contrary to the scope of his employment nor authorized by ISI and which interfered with ISI's relationship with potential clients.

54. At all times relevant, Defendant's actions were not justified nor authorized by ISI.

55. Upon information and belief and as a result of Defendant's conduct, Defendant intentionally interfered with ISI's business relationship with clients it invested in courting.

56. That as the direct, proximate, and intended results of Defendant's actions, ISI was damaged in its good name and reputation, has lost current client and potential clients, has lost business opportunities with current and potential future clients, and continues to suffer increasing monetary damages daily.

WHEREFORE, Plaintiff, ISI, respectfully prays this Honorable Court grant Judgment against the Defendant, CHRISTOPHER J. GIVEN, awarding the following relief:

a.   Temporary and permanent injunctive relief to stop Defendant's misconduct;

b.   Award damages in excess of $100,000.00 against Defendant; and

c.   For other and further relief as this Honorable Court deems just and equitable.

Respectfully Submitted:

_____

General Counsel for Plaintiff International
Services, Inc.

INTERNATIONAL SERVICES, INC,
Office of the General Counsel
Maelene J. Torres
ARDC: 6325901
3850 N. Wilke Road
Arlington Heights, Illinois 60004
Maelene.torres@clientsrv.con
P: 847-666-6253

9